IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROY SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OSMON, et al.,<br><br>　　　　Defendants. | No.  2:22-CV-1637-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion, ECF No. 2, for leave to proceed in forma pauperis.

　　　　The Court finds that Plaintiff has not made the showing of indigency required by 28 U.S.C. § 1915(a). Specifically, a review of Plaintiff's prison trust account statement reflects that, as of September 8, 2022, Plaintiff had $1,810.60 in available funds, which is an amount sufficient to pre-pay the filing fees for this action.  See ECF No. 2.

　　　　When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128

1  F.3d 1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than
2  simply providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the
3  plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the
4  Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded
5  that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes"
6  provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant
7  an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated
8  that the appellant "may resume this appeal upon prepaying the filing fee."

9        This conclusion is consistent with the conclusions reached in at least three other
10 circuits.  In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status
11 under § 1915(g) mandated dismissal.  See 284 F.3d 1234 (11th Cir. 2002).  The court specifically
12 held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because
13 "[h]e must pay the filing fee at the time he *initiates* the suit."  Id. at 1236 (emphasis in original).
14 The Fifth and Sixth Circuits follow the same rule.  See Adepegba v. Hammons, 103 F.3d 383 (5th
15 Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

16       Based on the foregoing, the undersigned recommends that Plaintiff's motion, ECF
17 No. 2, for leave.to proceed in forma pauperis be denied.

18       These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
20 after being served with these findings and recommendations, any party may file written objections
21 with the court.  Responses to objections shall be filed within 14 days after service of objections.
22 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.
23 Ylst, 951 F.2d 1153 (9th Cir. 1991).

25 Dated:  October 18, 2022

                                DENNIS M. COTA
                                UNITED STATES MAGISTRATE JUDGE