IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL ROY SMITH,

    Plaintiff,

  v.

OSMON, et al.,

    Defendants.

No. 2:22-CV-1637-WBS-DMC-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 12.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff alleges that he is legally blind and unable to read because of this condition.  ECF No.12, pg 1.  However, Plaintiff appears to have written this Motion to Appoint Counsel without the use of assistance and Plaintiff has not alleged facts sufficient to show that he is not able to prepare and represent himself in this case.  Id.  Based on Plaintiffs past filings it is clear he is capable of articulating his claims.  Finally, at this stage in the case the Court cannot determine that Plaintiff has established a particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 12, is denied.

Dated:  February 6, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE