IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>OSMON, et al.,<br><br>    Defendants. | No. 2:22-CV-1637-WBS-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 17.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In the second amended complaint, Plaintiff names the following as defendants: (1) Dr. Angie Hood-Medland, primary care physician at the California Medical Facility (CMF); (2) Dr. Arian M. Nikpour, a contract physician at San Joaquin General Hospital; (3) Benson Chen, a resident at San Joaquin General Hospital; and (4) Aubrey Deponte, a registered nurse at San Joaquin General Hospital. See ECF No. 17, pg. 2. Plaintiff styles his claim as based on "8th Amendment, Negligence, cruel and unusual punishment." Id. at 3. Doctors Osmon, Mohan, and Watkins, who were named in the original complaint, are no longer named in the operative second amended complaint.

Plaintiff states that, on orders from Defendant Hood-Medland, he was sent to San Joaquin General Hospital on August 27, 2021, for a lumbar puncture. See id. According to Plaintiff, the procedure was negligently performed by Defendant Nikpour. See id. Plaintiff states that he never signed a consent form for the procedure, and he was never provided information concerning risks and possible side effects. See id. Plaintiff also states that there was no observation period in the hospital following the procedure. See id. Plaintiff claims that he "went straight from the operating table to the CMF transportation van" and was returned to CMF. Id. Plaintiff states that both doctors – Defendants Hood-Medland and Nikpour – "knowingly concealed information requested by me on several occasions on the results of the problems caused by the botched procedure. . . ." Id. at 3-4.

1    Plaintiff claims that, since the allegedly botched lumbar puncture performed on
2    August 27, 2021, and continuing until recently, he had to use a catheter to urinate.  See id. at 4.
3    Plaintiff also contends that he has experienced erectile dysfunction and loss of bowel control
4    since the procedure.  See id.  Plaintiff further asserts that, due to the catheter being inserted
5    incorrectly, he experienced problems which required him to be sent again to San Joaquin General
6    Hospital.  See id.  Plaintiff claims that, at the hospital, Defendants Chen and Deponte also
7    inserted the catheter incorrectly, which caused Plaintiff agonizing pain until the catheter was
8    eventually inserted properly.  See id.  According to Plaintiff, and despite being in severe pain,
9    Defendant Hood-Medland refused to prescribe pain medication.  See id.  Plaintiff states that this
10   occurred a second time and, again, Defendant Hood-Medland refused to prescribe pain
11   medication.  See id. at 5.

12   Plaintiff claims "[t]he Defendants stated herein are liable and committed
13   negligence."  Id.  Plaintiff seeks $3,000,000.00 in damages.  See id. at 8.

## II.  DISCUSSION

16   The Court finds that Plaintiff's second amended complaint plausibly states a
17   cognizable claim against Defendant Hood-Medland based on the doctor's alleged refusal to
18   provide Plaintiff pain medication on two occasions following incorrect catheter placement.  For
19   the reasons discussed below, the Court concludes that Plaintiff has not stated any other cognizable
20   claims against Defendant Hood-Medland, and that Plaintiff has failed to state a cognizable claim
21   against any other named defendant.

22   The treatment a prisoner receives in prison and the conditions under which the
23   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel
24   and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,
25   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts
26   of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102
27   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.
28   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

3

"food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not generally give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  However, a claim involving alternate courses of treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in conscious disregard of an excessive risk to the prisoner's health.  See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff plausibly states a cognizable claim for relief against Defendant Hood-Medland based on the doctor's alleged refusal to provide pain medication on two occasions following incorrect catheter placement.  While Plaintiff alleges that he was provided nothing more than Tylenol at the hospital following the lumbar puncture, Plaintiff does not allege that he was provided Tylenol by Defendant Hood-Medland as an alternative to stronger pain medication.  Absent such an allegation, the Court cannot conclude that Plaintiff's claim against Defendant Hood-Medland arises from a difference of medical opinion.  On the facts alleged, Plaintiff appears to claim that Defendant Hood-Medland refused to provide any pain medication despite Plaintiff's complaints of agonizing pain following incorrect placement of a catheter.

Plaintiff's allegation that Defendant Hood-Medland directed that Plaintiff be sent to the outside hospital on August 27, 2021, without more, does not state a claim of medical deliberate indifference.  To the contrary, this allegation suggests that Defendant Hood-Medland was responsive to Plaintiff's medical need by ordering that he be sent to the hospital.

Plaintiff's allegations against Defendants Chen and Deponte, whom Plaintiff claims failed to correctly place catheters at the hospital, also fail.  Plaintiff's claims against these defendants appear to be based on negligence, which is not actionable under § 1983.  Similarly, Plaintiff's claim that Defendant Nikpour negligently performed the lumbar puncture and violated the medical standard of care with respect to pre-procedure notification, are based on a non-cognizable negligence theory.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims against Defendant Hood-Medland based on refusal to provide pain medication.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  May 22, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE